IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02657-BNB

WILLIE T. HAYES,

    Plaintiff,

v.

SCHERBARTH, Associate Warden,
JAMES FALK, Warden,
TOM CLEMMONS, Executive Director,
MAJOR REVORE,
MAJOR MICHELLE NYCHALLIGON,
LIEUTENANT HOFFMAN,
CASE MANAGER PETERSON,
BEV DOWIS, Medical Supervisor,
CASE MANAGER JOHN DOE, and
JENNIFER ANDERSON, Law Librarian, in their individual and official capacities,

    Defendants.

---

ORDER DENYING MOTION TO RECUSE AND DIRECTING PLAINTIFF
TO FILE AMENDED *IN FORMA PAUPERIS* MOTION

---

    Plaintiff, Willie T. Hayes, was a prisoner in the custody of the Colorado Department of Corrections incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado, when he initiated this action by filing *pro se* a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint.

    The Court notes that Mr. Hayes has filed a notice of change of address in *Hayes v. Scherbarth*, 12-cv-02590-BNB (D. Colo. filed Sept. 28, 2012), *see* ECF No. 10, but not in the instant action. "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex*

*rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001). The notice of change of address indicates that Mr. Hayes no longer is incarcerated and currently is residing at the St. Francis Center, 2323 Curtis Street, Denver, CO 80205. Therefore, the clerk of the Court will be directed to change Mr. Hayes' address in the instant action as well.

On November 6, 2012, I entered an order (ECF No. 7) granting Mr. Hayes leave to proceed *in forma pauperis* pursuant to § 1915 and ordering him within thirty days either to pay a $1.00 initial partial filing fee or show cause as directed why he has no assets and no means by which to pay the designated initial partial filing fee. On December 4, 2012, instead of paying the $1.00 initial partial filing fee or showing cause as directed, Mr. Hayes filed a document titled "§ 144. Affidavit of Bias and Prejudice of Judge" (ECF No. 8) disagreeing with my November 6 order.

The Court must construe Mr. Hayes' filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the petition for my recusal will be denied, and Mr. Hayes will be ordered to file an amended § 1915 motion and affidavit.

First, I will address the December 4 petition for my recusal titled "§ 144. Affidavit of Bias and Prejudice of Judge" (ECF No. 8). In the recusal petition, Mr. Hayes contends that, because he shows a negative balance in his inmate trust fund account, I should know he is unable to pay the designated initial partial filing fee. Apparently because I ordered him to do so, or alternatively show cause as directed why he has no

2

assets and no means by which to pay the designated initial partial filing fee, he argues that I am prejudiced and biased against him. Mr. Hayes seeks my recusal pursuant to 28 U.S.C. § 144.

Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse himself or herself based on personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). Rumor, speculation, opinions and the like do not suffice. *Id.* "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Although I must accept the facts alleged in a proper supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party. *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). The moving party has a substantial burden "to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Here, Mr. Hayes has failed to satisfy the procedural requirements of § 144 in two crucial ways. First, although he has filed a supporting affidavit that is either sworn to or affirmed, *see United States v. Peltier*, 553 F. Supp. 886, 890 n.10 (D. N.D. 1982); *In re Beecher*, 50 F. Supp. 530, 531 (E.D. Wash. 1943), the alleged bias is predicated on one of my rulings in the instant case. The allegations of bias or prejudice, to be disqualifying, must "stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the

case." *Id.* at 339. In other words, the alleged bias must be personal, as opposed to judicial in nature. *Id.*

Secondly, there is no "certificate of counsel of record stating that [the supporting affidavit] is made in good faith." 28 U.S.C. § 144. As the court noted in *Williams v. New York City Housing Authority*, 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003):

> A pro se party cannot supply a certificate of counsel. For this reason, at least one court has concluded that a pro se plaintiff cannot bring an affidavit under 28 U.S.C. § 144. *See Robinson v. Gregory*, 929 F. Supp. 334, 337-38 (S.D. Ind. 1996). The court in *Robinson* noted that not only are the requirements of Section 144 strictly enforced, but the requirement for a certificate of counsel of record prevents abuse of the section's procedures. . . . In addition, the court stated that parties proceeding pro se have other mechanisms available to them to guard against biased or prejudiced judges. *Id.* (noting that 28 U.S.C. § 455 provides an equally applicable means of protest for pro se litigants). [Plaintiff's] affidavit, which is submitted pro se and without a certificate of counsel of record, fails on this threshold matter.

*Accord Glass*, 849 F. 2d at 1267 (holding that "§ 144 requires an affidavit of bias and prejudice, which must be timely, sufficient, made by a party, and accompanied by a certificate of good faith of counsel").

However, even if I liberally construe Mr. Hayes' recusal petition as asserted pursuant to 28 U.S.C. § 455, the petition fails. Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Pursuant to § 455, I am not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts

about the judge's impartiality." *Glass*, 849 F.2d at 1268 (internal quotation marks omitted). The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Mr. Hayes' petition for my recusal is insufficient because it fails to show personal bias or prejudice. Instead, he bases the recusal petition an order that directed him to pay an initial partial filing fee. He fails to note that, in the same order, I provided him with an alternative option if he was unable to do so. The recusal petition fails to make any argument that would demonstrate an appearance of partiality. In addition, the fact that Mr. Hayes disagrees with my November 6 order is not sufficient to demonstrate that disqualification is appropriate pursuant to either § 144 or § 455(a) because "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Therefore, the December 4 motion seeking my recusal will be denied.

Secondly, because Mr. Hayes no longer is incarcerated, he either must pay the full $350.00 filing fee or, alternatively, file on the Court-approved nonprisoner form a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Plaintiff's continuing obligation to pay the filing fee is to be determined, like any nonprisoner, solely on the basis of whether he qualifies for *in forma pauperis* status. *See Whitney v. New Mexico*, 113 F.3d 1170, 1171 n.1 (10th Cir. 1997); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 612-13 (6th Cir. 1997); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1138-39 (6th Cir. 1997); *McGann v. Commissioner, Soc. Sec. Admin.*, 96 F.3d 28, 29-30 (2d Cir. 1996). Therefore, Mr. Hayes will be ordered to submit a

Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  Alternatively, Plaintiff may elect to pay the $350.00 filing fee to pursue his claims in this action.

Accordingly, it is

ORDERED that the clerk of the Court correct the docketing records for this action to indicate that Plaintiff, Willie T. Hayes, no longer is incarcerated and currently is residing at the St. Francis Center, 2323 Curtis Street, Denver, CO 80205, as indicated in the notice of change of address Mr. Hayes filed in *Hayes v. Scherbarth*, 12-cv-02590-BNB (D. Colo. filed Sept. 28, 2012) *(*ECF No. 10 in No. 12-cv-02590-BNB).  It is

FURTHER ORDERED that the document titled "§ 144 Affidavit of Bias and Prejudice of Judge" (ECF No. 8) that Mr. Hayes, filed on December 4, 2012, is denied. It is

FURTHER ORDERED that Mr. Hayes **within thirty (30) days from the date of this order** either pay the full $350.00 filing fee or, alternatively, file an amended Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 that complies with the directives of this order.  It is

FURTHER ORDERED that the Mr. Hayes shall obtain the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 form, along with the applicable instructions, at www.cod.uscourts.gov, and use that form in filing the amended Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  It is

FURTHER ORDERED that if Mr. Hayes fails, within the time allowed, either to pay the full $350.00 filing fee or to file an amended Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 that complies with this order, the action will be

dismissed without further notice.

DATED December 7, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge